**ORDER**

Manuel C. **BARRETO–ALMEYDA**,
Plaintiff,

v.

**FIRST NATIONAL CITY BANK**,
Defendant.

Civ. A. No. 130–68.

United States District Court
D. Puerto Rico.
Aug. 16, 1968.

Guillermo Ruiz-Ramos, Arecibo, P. R., for plaintiff.

McConnel, Valdes, Kelley & Sifre, San Juan, P. R., for defendant.

FERNANDEZ-BADILLO, District Judge.

This is a case which was originated in the Superior Court of Puerto Rico, Arecibo Part, entitled Manuel C. Barreto-Almeyda vs. First National City Bank, Civil No. CS–68–289, Re: Damages.

Removal to this court was accomplished by defendant on February 21, 1968 under the provisions of Section 632, Title 12, U.S.Code Annotated.

The complaint states a civil action for damages based upon the fact that a civil suit for collection of money had been instituted by First National City Bank in this court (Civil Action No. 816–67)—at a time in which Mr. Manuel C. Barreto-Almeyda did not owe any money to First National City Bank, that, therefore, the filing of such action caused him discredit and made him suffer mental anguish. In other words, plaintiff's action is a civil action for damages as a consequence of a civil suit. On February 26, 1968 defendant moved this court to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted.

On March 8, 1968, a hearing was held in which argument was had on said defendant's Motion to Dismiss. To said hearing only appeared the defendant First National City Bank. After argument of the Motion the court requested defendant to file a Memorandum in support of its contention. Such request was complied with by the defendant. Plaintiff was given 10 days to file a reply memorandum if he so wished. No brief has been received from plaintiff.

■ In general terms, Puerto Rican law does not acknowledge the existence of a civil action for damages as consequence of a civil suit. Berrios vs. International General Electric (Puerto Rico) Inc., Supreme Court of Puerto Rico, Opinion delivered on April 18, 1963; Pereira vs. Hernández, 83 PRR 156, 159–160, (1961); López de Tord & Zayas Pizarro vs. Molina, 38 PRR 737 (1928).

■ It appears that the only action taken by defendant First National City Bank in Civil case No. 816–67 was the filing of the complaint and the corresponding servicing of summons. No other action was taken against Mr. Barreto-Almeyda by the defendant bank. Plaintiff's allegations in the complaint merely state that defendant filed a collection action against him at a time when he did not owe any money to defendant and that such action caused him discredit and mental anguish. Said allegations do not even compare to those more forceful and stronger allegations contained in the complaints filed, respectively, in the cases of Díaz vs. Distributors RCA, 47 PRR 530, 531 (1934); López de Tord & Zayas Pizarro vs. Molina, supra, Pereira vs. Hernández, supra, and Berríos vs. International General Electric (Puerto Rico) Inc., supra, in which each case the Supreme Court of Puerto Rico found no basis for the suit initiated.

The only case in Puerto Rico in which an action for damages for malicious prosecution by reason of a civil suit has been upheld was Fonseca vs. Oyola, 77 PRR, 496 (1954). However, that case involved extreme circumstances and as it was said at page 499: "* * * here the evidence showed the malicious prosecution on defendant's part in commencing several actions of unlawful detainer without probable cause * * * persecuting defendant with his conduct and actions as well as with said suits, which he based on the alleged nonpayment of a rental in excess of that which is allowed by the federal statute." We do not see in the present case the extraordinary circumstances which place it off the scope of the general rules existing in Puerto Rico and reiterated in Pereira vs. Hernández, 83 PRR 156 (1961), in the sense that in general terms the Puerto Rican law does not recognize an action of this nature. So it was also said in *Berríos*, supra.

■ The mere fact that a suit has been filed maliciously does not alone cause an action to arise; the plaintiff must allege some substantial nature of damage. Díaz vs. Distributors RCA, page 531, supra. No such substantial nature of damage has been herein alleged by plaintiff. The instituting of the suit without further action is not enough, extreme and extraordinary circumstances must be present.

It is therefore ordered that if plaintiff does not amend the complaint within ten (10) days of the filing and entering of this Order, to allege such facts and circumstances which will bring this case out of the general rule existing in Puerto Rico, judgment shall be entered herein in defendant's favor dismissing this action, with costs and disbursements to be taxed by the Clerk in favor of defendant and against plaintiff.